UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE GENERAL MOTORS CORP.
SECURITIES AND DERIVATIVE
LITIGATION

MDL No. 1749
Master Case No. 06-md-1749
Hon. Gerald E. Rosen
This Document Relates to:
2:06-cv-12258-GER
2:06-cv-12259-GER

_____/

**ORDER FOR PRELIMINARY APPROVAL
AND FOR NOTICE AND HEARING**

Presented to the Court for preliminary approval pursuant to Rule 23 of the Federal Rules of Civil Procedure is the settlement (the "Settlement") of the above-captioned actions (the "GM Securities Action") by and between Deka Investment GmbH and Deka International S.A., Luxembourg (together, "Deka" or "Lead Plaintiffs") on behalf of themselves and the Class (as defined herein), and General Motors Corporation ("GM"), GMAC LLC (f/k/a General Motors Acceptance Corporation), Peter R. Bible, Walter G. Borst, John M. Devine, G. Richard Wagoner, Jr., Alan G. Lafley, Philip A. Laskawy, Eckhard Pfeiffer (the "Individual Defendants"), and Deloitte & Touche LLP (collectively, "Defendants") (together, the "Settling Parties").

WHEREAS the terms of the Settlement are set forth in a Stipulation and Agreement of Settlement, that was executed by the Settling Parties on September 16, 2008 (the "Stipulation"); and the Settlement was reached after extensive arm's-length and protracted negotiations that included multiple mediation conferences before a Court-appointed Special Master; and approval of the Settlement would result in dismissal of the GM Securities Action with prejudice;

NOW, upon consent of the Settling Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1. The Court, for purposes of this Order for Notice and Hearing (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby preliminarily certifies, for purposes of effectuating this Settlement, a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) consisting of all persons and entities who purchased or otherwise acquired GM Securities, including GM Securities purchased or otherwise acquired in any non-U.S. offering or on any non-U.S. exchange or market, during the period between April 13, 2000 and March 30, 2006, inclusive, and who suffered damages thereby, including all persons and entities who acquired shares of GM common stock and preferred stock in the secondary market, all persons or entities who acquired debt securities of GM in the secondary market or pursuant to a registration statement or prospectus, and all persons who purchased or wrote (sold) exchange-traded options on GM common stock. Excluded from the Class are (i) any Defendant; (ii) any member of the family of any of the Individual Defendants; (iii) any subsidiary of any Defendant and any entity in which any Individual Defendant has a controlling interest; (iv) any director or officer of GM; any director or officer of GMAC who is an employee of GM; and any partner of Deloitte & Touche; or (v) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any putative members of the Class who exclude themselves from the Settlement by timely requesting exclusion in accordance with the requirements set forth in the Notice of Proposed Settlement, Motion for Attorneys' Fees and Reimbursement of Expenses and Fairness Hearing (the "Notice") to be sent to the Class.

3. For purposes of settlement only, the Lead Plaintiffs, on behalf of all Class Members, are appointed as Class Representatives. The law firms of Labaton Sucharow LLP and Grant & Eisenhofer P.A. are jointly appointed as Class counsel ("Co-Lead Counsel").

4. With respect to the Class, this Court preliminarily finds and concludes for purposes of effectuating this Settlement that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: (a) the members of the Class are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient resolution of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the settlement of the class action.

5. Co-Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. The Court appoints Epiq Systems as Claims Administrator to supervise and administer the notice and claims procedures as set forth in the Stipulation. The Settling

Parties and their counsel shall not be liable for any act or omission of the Claims Administrator.

7. The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Gross Settlement Fund and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

8. The Court preliminarily approves the settlement of the GM Securities Action with respect to the Settling Parties as set forth in the Stipulation, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation, and to show cause, if any exists, why a final judgment dismissing the GM Securities Action against Defendants based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

9. Pursuant to Fed. R. Civ. P. 23(e), a hearing (the "Fairness Hearing") shall be held on **December 22, 2008, at 10:00 a.m.**, in the United States District Court for the Eastern District of Michigan, Southern Division, the Honorable Gerald E. Rosen presiding, to:

    a. determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    b. determine whether the Plan of Allocation should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    c. determine whether the Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the GM Securities Action with prejudice and

extinguishing and releasing all Settled Claims and barring all claims for contribution (as set forth or defined in the Stipulation);

        d.      determine whether the Class should be finally certified for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b);

        e.      rule on Co-Lead Counsels' application for an award of attorneys' fees and the reimbursement of litigation expenses;

        f.      rule on Lead Plaintiffs' and Named Plaintiffs application for reimbursement for expenses and lost wages; and

        g.      rule on such other matters as the Court may deem appropriate.

10.     The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of litigation expenses, without further notice of any kind to Class Members.

11.     The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modification as may be consented to by the Settling Parties and without further notice to the Class.

12.     The Claims Administrator shall make reasonable efforts to identify all persons who are members of the Class, including purchasers of debt securities and beneficial owners whose GM Securities are held by banks, brokerage firms, or other nominees. GM shall provide to the Claims Administrator records readily available to it identifying persons or entities that purchased GM securities during the Class Period within 21 days of this Order, subject to an appropriate confidentiality agreement. The Claims Administrator shall send the Notice, substantially in the form of Exhibit A-1, by United States first-class mail, postage prepaid, to all reasonably ascertainable members of the Class, at their last known address.

Such mailing shall occur no later than twenty-one (21) calendar days after receipt of the information from GM referred to above.

13. Pursuant to the Notice, each nominee who receives the Notice shall either: (1) send the Notice to Class Members for which they act as nominee by first-class mail within seven (7) calendar days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first-class mail the Notice to all Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Co-Lead Counsel shall file with the Court and serve upon Defendants no later than seven (7) days prior to the Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this order and stating that the mailings have been completed in accordance with the terms of this Order.

14. Within fifteen (15) calendar days of the Notice Date, Co-Lead Counsel shall cause to be published a Publication Notice, substantially in the form of Exhibit A-2 to the Stipulation, once in the national edition of *The Wall Street Journal,* once in *The Detroit Free Press* **,** once in the *Financial Times*, and once over the *PR Newswire*. Co-Lead Counsel shall file with the Court and serve upon Defendants' counsel no later than seven (7) days prior to the Fairness Hearing an affidavit or declaration stating that the Publication Notice has been published in accordance with the terms of this Order.

15. The form and content of the Notice and the Publication Notice, annexed hereto as Exhibits A-1 and A-2, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process; constitute the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto.

16. In addition to the Proof of Claim forms distributed with the Notice, Class Members shall be provided Proof of Claim forms upon request. Co-Lead Counsel and the Claims Administrator shall make Proof of Claim forms readily available.

17. Any member of the Class who timely and properly objects to the Settlement and/or the application for attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Fairness Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no person other than the parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court unless on or before fourteen (14) days before the Fairness Hearing, such person files with the Court and serves upon counsel listed below: (1) a statement of such person's objections to any matters before the Court concerning this Settlement and/or the application for attorneys' fees and reimbursement of litigation expenses; (2) the grounds therefor or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider; (3) whether that person intends to present any witnesses; and (4) the person's purchases and sales of GM Securities

made during the Class Period, including the dates, the number of securities purchased or sold, the price(s) paid or received per GM Security for each such purchase or sale, and whether such person continues to hold such GM Securities at the time the statement of objection is served.  Such filings shall be served upon the Court and the following counsel:

    **LABATON SUCHAROW LLP**
    Jonathan M. Plasse
    Richard T. Joffe
    140 Broadway
    New York, NY 10005

    *Co-Lead Counsel for Lead Plaintiffs*

    **GRANT & EISENHOFER P.A.**
    Jay W. Eisenhofer
    James J. Sabella
    485 Lexington Avenue
    New York, New York 10017

    *Co-Lead Counsel for Lead Plaintiffs*

    **DIAZ REUS & TARG LLP**
    Alexander Reus
    100 SE Second Street, Suite 2610
    Miami, Florida 33131.

    *Liaison Counsel/Additional Plaintiffs' Counsel*

    **KIRKLAND & ELLIS LLP**
    Robert J. Kopecky
    200 East Randolph Drive
    Chicago, IL 60601

    *Counsel for Defendants General Motors Corporation,*
    *General Motors Acceptance Corporation,*
    *Peter R. Bible, Walter G. Borst, John M. Devine, and G. Richard Wagoner, Jr.*

**SIDLEY AUSTIN LLP**
Linton J. Childs
One South Dearborn Street
Chicago, IL 60603

*Counsel for Defendant Deloitte & Touche LLP*

**WEIL, GOTSHAL & MANGES LLP**
Greg A. Danilow
Stephen A. Radin
767 Fifth Avenue
New York, NY 10153

*Counsel for Defendants Alan G. Lafley,*
*Philip A. Laskawy and Eckhard Pfeiffer*

18. Any Class Member who does not object to the Settlement, the Bar Order and/or the application for attorneys' fees and reimbursement of expenses in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement or the Bar Order, or the application for attorneys' fees and reimbursement of expenses.

19. Any person falling within the definition of the Class may, upon request, be excluded from the Class. To do so, such person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") so that it is received by the Claims Administrator on or before fourteen (14) days before the Fairness Hearing. A Request for Exclusion must state: (1) the name, address, and telephone number of the person requesting exclusion; (2) the person's purchases and sales of GM Securities made during the Class Period, including the dates, the number and type of GM Securities purchased or sold, the price(s) paid or received per GM Security for each such purchase or sale, and whether such person continues to hold such GM Securities at the time the statement of objection is served; (3) the amount or number of GM Securities held as of the beginning of the Class Period on

April 13, 2000 and at the end of the Class Period on March 30, 2006; and (4) that the person wishes to be excluded from the Class.  All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund.

20. Any Class Member who wishes to participate in the Net Settlement Fund must: submit a valid Proof of Claim to the Claims Administrator, at the address indicated in the Notice, not later than **March 6, 2009**.  Such deadline may be further extended by Court order.  Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim.  All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.  To be valid, a Proof of Claim must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (2) include the release by the Claimant of all Released Parties as set forth in the Stipulation; and (3) be signed with an affirmation that the information contained in the Proof of Claim is true and correct.  All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

21. If the Settlement or any material part of it, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Settling Parties as provided for in the Stipulation, any class certification herein, and any actions taken or to be taken in connection therewith (including this Order and

any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

22. Pending final determination of whether the Settlement should be approved, all proceedings in the GM Securities Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Lead Plaintiffs and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any Settled Claims against Defendants or the Released Parties.

23. The contents of the Gross Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. Neither the Stipulation nor any provisions contained in the Stipulation, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants, the Released Parties, or any other person of any liability, wrongdoing or damages, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other person, has or has not suffered any damage.

25. Any party making submissions to the Court in support of approval of the Settlement or in support of Co-Lead Counsels' application for an award of attorneys' fees

and reimbursement of litigation expenses, shall do so by twenty (20) calendar days before the date scheduled for the Fairness Hearing. Such submissions may be supplemented not later than five (5) calendar days before the date scheduled for the Fairness Hearing to respond to any objections filed by members of the Settlement Class or intervenors.

26. The Court authorizes payment out of the Gross Settlement Fund of notice and administration expenses in accordance with the Stipulation.

27. The passage of title and ownership of the Gross Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No person that is not a Class Member or Co-Lead Counsel shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

28. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Class Members.

SIGNED this 23rd day of September, 2008.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 23, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager