UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: GENERAL MOTORS CORP.<br>DERIVATIVE LITIGATION | MDL No. 06-1749<br>Master Case No. 06-md-1749<br>Hon. Gerald E. Rosen<br>ALL DERIVATIVE CASES<br>Case Nos.  05-74334<br>05-74769<br>05-74770 |

**ORDER PRELIMINARILY APPROVING DERIVATIVE
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the settlement (the "Settlement") of the Federal Actions, in accordance with a Stipulation of Settlement dated as of September 17, 2008 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement and dismissal of the Federal Derivative Actions and the State Derivative Actions (collectively, the "Actions") with prejudice, upon the terms and conditions set forth therein; and (ii) approving for publication the Notice of Proposed Settlement of Shareholder Derivative Actions ("Derivative Notice"); and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having considered the Stipulation and the Exhibits annexed thereto and the application for preliminary approval:

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at

the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Federal Derivative Actions.

2. A hearing (the "Settlement Hearing") shall be held before this Court on Monday, December 22, 2008 at 10 a.m. at The Theodore Levin United States Courthouse, 231 W. Lafayette Blvd, Detroit, Michigan 48226, to determine whether the Settlement of the Federal Derivative Actions on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the current GM shareholders and to GM and should be approved by this Court; whether a Judgment as provided in ¶1.14 of the Stipulation should be entered herein, and to determine the amount of fees and expenses that should be awarded to Derivative Plaintiffs' Counsel.

3. The Court approves, as to form and content, the Derivative Notice annexed as Exhibit E hereto, and finds that the publishing of the Derivative Notice, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than thirty (30) calendar days following entry of this Order, Defendants' Counsel shall cause the Derivative Notice substantially in the form annexed as Exhibit E hereto to be published once in the national edition of *The Wall Street Journal,* the *Financial Times,* and the *Detroit Free Press*.

5. Not later than thirty (30) calendar days following the entry of this Order, the Derivative Notice shall be posted on the websites of GM and Federal Derivative Plaintiffs' Counsel.

6. At least seven (7) calendar days prior to the Settlement Hearing, Defendants' Counsel shall serve on all counsel in the Federal Derivative Actions and file with the Court proof, by affidavit or declaration of the publication of the Derivative Notice.

7. Current GM shareholders, defined as all holders of GM common stock as of September 17, 2008 shall be bound by all orders, determinations and judgments in the Federal Derivative Actions concerning the Settlement, whether favorable or unfavorable to the current GM shareholders.

8. Pending final determination of whether the Settlement should be approved, no current GM shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

9. All papers in support of the Settlement and the application by Derivative Plaintiffs' Counsel for attorneys' fees or reimbursement of expense shall be filed with the Court and served at least twenty (20) calendar days prior to the Settlement Hearing. Such submissions may be supplemented not later than five (5) calendar days before the date scheduled for the Settlement Hearing to respond to any objections filed by GM shareholders.

10. Any current GM shareholder may appear and show cause, if he, she or it has any reason why the Settlement should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Derivative Plaintiffs' Counsel; provided, however, unless otherwise ordered by the Court, no current GM shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or if approved, the Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Derivative Plaintiffs' Counsel

David H. Fink
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, Michigan 48307

David L. Wales
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

**Co-Lead Counsel for the Federal Derivative Plaintiffs**

Robert J. Kopecky
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, IL 60601

**Counsel for G. Richard Wagoner and Nominal Defendant General Motors Corporation**

Stephen A. Radin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

**Counsel for Defendants Erskine B. Bowles, John M. Devine, Kent Kresa, Philip A. Laskawy, Percy N. Barnevik, John H. Bryan, Armando M. Codina, George M. C. Fisher, Karen L. Katen, Ellen J. Kullman, E. Stanley O'Neal, and Eckhard Pfeiffer**

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> Eastern District of Michigan
> Theodore Levin United States Courthouse
> 231 W. Lafayette Blvd
> Detroit, MI 48226

Any current GM shareholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Stipulation and to the award of attorneys' fees and expenses to Derivative Plaintiffs' Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Defendants or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative. Released Parties may file the Stipulation and/or a Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Court reserves the right to adjourn the date of the Settlement Hearing or

modify any other dates set forth herein without further notice to the current GM shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the current GM shareholders.

    IT IS SO ORDERED.


DATED: September 23, 2008                    s/Gerald E. Rosen
                                                     Gerald E. Rosen
                                                     United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 23, 2008, by electronic and/or ordinary mail.

                                s/LaShawn R. Saulsberry
                                Case Manager